709 P.2d 530

**In the Matter of a Member of the State Bar of Arizona, Robert Louis MURRAY, Respondent.**

**No. SB–335.**

**State Bar Nos. 83–5–4N, 84–1–4N thru 84–11–4N.**

Supreme Court of Arizona, En Banc.

Nov. 18, 1985.

John L. Tully, Tucson, for the State Bar.

Robert Louis Murray, Tucson, respondent.

GORDON, Vice Chief Justice.

On May 10, 1985, the Disciplinary Commission of the Supreme Court of Arizona approved the Findings of Fact, Conclusions of Law and Recommendations of Local Administrative Committee 4N regarding respondent Robert Louis Murray. Both the Board and Committee recommended that respondent Murray be disbarred based upon his violations of the Arizona Code of Professional Responsibility, Rules of the S.Ct., 29(a), 17A A.R.S. The matter was filed in this Court pursuant to Rule 36(d), *id.* Respondent was given proper notice, but has failed to appear either personally or through counsel at any stage of these proceedings.

Respondent was admitted to the practice of law in Arizona in 1973. He was suspended from the practice of law in Arizona on June 25, 1984, because of the non-payment of dues. He apparently is no longer a resident of Arizona as service of the formal complaint, notice of hearing and the Local Administrative Committee's Findings of Fact, Conclusions of Law and Recommendations were made upon the Clerk of the Supreme Court, pursuant to Rules of the S.Ct., 34(d)(5), *id.* All subsequent correspondence sent by certified mail was returned by the U.S. Postal Service with the notation, "Return to Sender—Moved Left No Address." This disciplinary action is based on numerous specific acts of misconduct.

The matter originally came to the attention of the State Bar of Arizona when respondent was arrested for Driving a Motor Vehicle While Under the Influence of Alcohol and for Possession of Cocaine. Respondent entered a plea of guilty pursuant to a plea agreement with the state to an amended charge of Facilitation, a class 6 open-ended felony, and was fined $250.00. The offense was later designated a misdemeanor and respondent was placed on six (6) months unsupervised probation.

Shortly thereafter the State Bar received the first of several complaints from respondent's clients and again respondent was arrested for Driving a Motor Vehicle While Under the Influence of Alcohol and Possession of Cocaine. Respondent remains a fugitive from justice on the pending felony drug charge.

The Commission found the following violations:

1. Respondent represented Servando and Artemisa Galvan in a personal injury lawsuit regarding injuries Mr. Galvan sustained. After receiving a settlement of $501,000.00, respondent failed to provide a full, adequate and timely accounting. Respondent and the Galvans then entered into a business enterprise without respondent making a full and complete disclosure of all the details. *See In re Neville,* 147 Ariz. 106, 708 P.2d 1297 (1985). The Galvans clearly required objective legal advice and respondent did not recommend that they obtain independent legal counsel. The Galvans subsequently suffered a significant financial loss due to this business relationship. The Commission found respondent violated DR 1–102(A), DR 5–104(A), DR 7–101(A)(2), Code of Professional Responsibility, and Rule 29(b)(6), Rules of the Supreme Court of Arizona.

2. Respondent subsequently undertook representation of the Galvans in a wrongful death action concerning an accident in which their two sons were killed. Respondent failed to represent the Galvans adequately, failed to investigate completely the availability of insurance coverage and failed to advise them on the outcome of the

investigation. The Commission found respondent violated DR 6–101 and DR 7–101, Code of Professional Responsibility.

3. Respondent unlawfully operated a motor vehicle while under the influence of alcohol and while in possession of cocaine. This eventually led to a misdemeanor conviction for the crime of facilitation. The Commission found respondent violated DR 1–102, Code of Professional Responsibility, and Rules 29(b)(8) and (9), and 29(c), Rules of the Supreme Court of Arizona.

4. Respondent allegedly again unlawfully operated a motor vehicle while under the influence of alcohol and while in the possession of cocaine. The Commission found respondent violated DR 1–102, Code of Professional Responsibility, and Rule 29(b)(8) and (9), and 29(c), Rules of the Supreme Court of Arizona.

5. Respondent represented Reynaldo Tapia as a defense attorney in a criminal prosecution. In the course of this representation, respondent failed to interview witnesses who may have been helpful to Tapia's defense. Therefore, respondent failed to represent his client in a competent manner. The Commission found respondent violated DR 6–101 and DR 7–101, Code of Professional Responsibility.

6. Respondent represented Lee Schrock as a defense attorney in a criminal prosecution. In the course of the representation, respondent failed to appear on behalf of his client at a regularly scheduled court hearing. Respondent failed to defend and discharge his duties to his client in a competent manner. The Commission found respondent violated DR 6–101(A)(3) and DR 7–101(A)(2), Code of Professional Responsibility.

7. Respondent represented Robert Salaz as a defense attorney in a criminal prosecution. In the course of this representation, respondent failed to appear on behalf of his client at a regularly scheduled court hearing. Respondent failed to defend and discharge his duties to his client in a competent manner. The Commission found respondent violated DR 6–101(A)(3) and DR 7–101(A)(2), Code of Professional Responsibility.

8. Respondent represented Roy Hargroves as a defense attorney in a criminal prosecution. In the course of this representation, respondent failed to appear at the sentencing of this client. Respondent failed to defend and discharge his duties to his client in a competent manner. The Commission found respondent violated DR 6–101(A)(3) and DR 7–101(A)(2), Code of Professional Responsibility.

9. Respondent represented David Softly as a defense attorney in a criminal prosecution. Softly paid respondent a $1,500.00 retainer and after respondent accepted said fee, he failed to attend a pretrial conference on behalf of his client. Respondent failed to defend and discharge his duties to his client in a competent manner. The Commission found respondent violated DR 6–101(A)(3) and DR 7–101(A)(2), Code of Professional Responsibility.

10. Respondent was retained by Beatriz Lane to represent her in a personal injury action. Respondent settled the case for $30,000.00 on behalf of Mrs. Lane, but failed to disburse any of the money to his client. The Commission found respondent violated DR 9–102(B)(4), Code of Professional Responsibility, and Rule 29(b)(6), Rules of the Supreme Court.

The Commission found, based on the above-numerated findings, that the respondent exhibits a pattern of conduct which warrants the conclusion that he is incapable of adequately representing clients or otherwise engaging in the practice of law. We agree. Costs in the amount of $1,179.10 are assessed against respondent pursuant to Rule 37(g), Rules of the S.Ct., 17A A.R.S. The respondent, Robert Louis Murray, is disbarred from the practice of law in Arizona.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.